**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF LOUISIANA**

TODD WESSINGER,

Plaintiff,

v.

GARY WESTCOTT, in his official capacity as Secretary of the Louisiana Department of Public Safety and Corrections; SETH SMITH, in his official capacity as Chief of Operations of the Louisiana Department of Public Safety and Corrections; and DARREL VANNOY, in his official capacity as Warden of the Louisiana State Penitentiary.

Defendants.

Civil Action No. 3:26-cv-00957-JWD-SDJ

**JOINT MOTION FOR ENTRY OF SCHEDULING ORDER**

Pursuant to Federal Rule of Civil Procedure 16(b) and this Court's Minute Entry and Order (ECF No. 11), the parties file the following joint motion for scheduling order in this case.

While Defendants join in this motion to comply with the Court's Order, they object to entry of any scheduling order that requires discovery at this juncture. As state officials sued in their official capacity, Defendants intend to seek Rule 12(b)(1) dismissal based on sovereign immunity by their deadline to respond to the complaint. Fifth Circuit precedent forecloses a district court from "permit[ting] discovery—'cabined or otherwise'—against immunity-asserting defendants before it has determined [a] plaintiff[] ha[s] pleaded facts sufficient to overcome the defense." *Carswell v. Camp*, 54 F.4th 307, 312 (5th Cir. 2022); *accord Russell v. Jones*, 49 F.4th 507, 514 (5th Cir. 2022). If this Court nevertheless orders discovery, Defendants intend to seek a stay and

writ of mandamus from the Fifth Circuit Court of Appeals. *In re Paxton*, 60 F.4th 252, 255–61 (5th Cir. 2023) (granting mandamus relief).

Plaintiff disputes Defendants' entitlement to sovereign immunity as a defense to this civil action, and further disputes Defendants' entitlement to a stay of discovery pending adjudication of the availability of any such defense. Defendants' entitlement to this defense and/or a stay of discovery can be presented to the Court at the time of filing Defendants' responsive pleadings.

Without Defendants waiving any defenses to discovery based on immunity, the parties jointly propose dates for a scheduling order in this case as follows:

1. The deadline for Defendants to file an answer or other responsive pleadings is **October 21, 2026.**
2. The parties will exchange initial disclosures under F.R.C.P. 26(a)(1) on or before **October 29, 2026**.
3. The deadline for amendment of pleadings and joinder of parties is **November 2, 2026.**
4. Discovery will commence on **October 22, 2026**, through and including **January 29, 2027**, and must be completed as follows:
   a. Plaintiff proposes that responses to written discovery under F.R.C.P. 33, 34, 35, or 36 shall be responded to within 21 days of service by electronic mail. Plaintiff states that this compressed deadline will provide for written discovery responses and thus permit some depositions and follow-up discovery before the Thanksgiving holiday. Defendants propose that the standard 30-day response deadline should remain in place.
   b. Discovery Limits:
      - Plaintiff's Position: Plaintiff proposes limiting (1) interrogatories to 25 succinct questions, (2) requests for production to 30 succinct questions, without obligation to respond in native form in the absence of good cause determined by the Court, (3) requests for admission to 30 succinct requests, and (4) depositions to the parties, experts, and no more than 10 fact witnesses without additional approval by the Court.

- Defendants' Position: Defendants propose limiting (1) interrogatories to 10 succinct questions, (2) requests for production to 15 succinct questions, without obligation to respond in native form in the absence of good cause determined by the Court, (3) requests for admission to 25 succinct requests, and (4) depositions to no more than 10 per side. Defendants believe these limits correspond to the needs of the case, the expedited timeline for discovery, and avoiding duplicative discovery already conducted in Hampton v. Landry, No. C-759757, 19th Judicial District Court, State of Louisiana. These limits are better tailored to what can feasibly be conducted in the timeline at issue here. The Federal Rules of Civil Procedure limit depositions to 10, so expanding this limit for a case with a compressed timeline is unreasonable, particularly given that the disputes in the case are largely based on the expert testimony about the methods of execution.

c. Depositions may be taken remotely by simultaneous video streaming on request of either party.

d. The parties will, in good faith, endeavor to avoid duplicating discovery taken in Hampton v. Landry, No. C-759757, 19th Judicial District Court, State of Louisiana.

e. In place of motions to compel, the moving party will file a motion for status conference; each party will set forth their positions on the discovery dispute to be discussed in a status conference. All such motions will be adjudicated by the district judge.

f. Expert designations and reports will be served via electronic mail as follows:

- Plaintiff: **November 6, 2026**
- Defendants: Plaintiff proposes a deadline of **December 7, 2026**. Defendants propose a deadline of **December 21, 2026**, so that Defendants have a fair opportunity to retain responsive experts based on the subject matter for which Plaintiff will offer expert testimony and to have their experts respond to the claims asserted by Plaintiff's experts' reports.

g. **Discovery Deadlines:**

- Plaintiff proposes **January 29, 2027**, as the deadline for completing fact discovery and filing all motions related thereto and **February 19, 2027,** as the deadline completing expert discovery and filing all motions related thereto.

- Defendants propose completion and filing of all discovery motions related to fact discovery by **December 4, 2026**, and completion and filing of all discovery motions related to expert discovery by **January 29, 2027**.

5. In its Minute Entry and Order (ECF No. 11), the Court required the parties to "generally outline anticipated areas, scope and methods of both fact and expert discovery" and encouraged the parties to "discuss any facts that may be stipulated." The parties are of the opinion that these tasks are best completed after Defendants have filed their responsive pleadings, and thus request leave from the Court to provide this information later. Plaintiff proposes November 2, 2026, while Defendants believe this issue must wait until full resolution of their forthcoming 12(b)(1) motion and any necessary collateral appeals.

6. Potential Trial Dates: The parties anticipate 2-3 days for trial.

   a. Plaintiff's attorneys **are** available for trial from March 1-June 4, 2027; they are **not** available for trial from February 1-26, 2027, and June 7-August 27, 2027.

   b. Defendants' attorneys are **not** available for trial from March 1-4, 2027.

Respectfully submitted,

*/s/ James W. Craig*
Emily M. Washington (La. Bar No. 34143)
James W. Craig (La. Bar No. 33687)
Jack M. Stephens (La. Bar No. 41468)
Roderick and Solange MacArthur Justice Center
4400 S. Carrollton Ave., New Orleans, LA 70119
Phone: 504-620-2259/Fax: 504-208-3133
jim.craig@macarthurjustice.org

*Counsel for Plaintiff*

ELIZABETH B. MURRILL
Attorney General of Louisiana

*/s/ Elizabeth L. Brown*
ELIZABETH L. BROWN (LA 42025)
Assistant Solicitor General
OFFICE OF THE LOUISIANA ATTORNEY GENERAL
1885 North Third Street
Baton Rouge, LA 70802
Telephone: (225) 406-1864
Facsimile: (225) 326-6795
BrownE@ag.louisiana.gov

*Counsel for Defendants*

Dated: September 30, 2026