**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **TODD WESSINGER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 26-957-JWD-SDJ** |
| **GARY WESTCOTT** | |

# ORDER

Following the September 23, 2026 Status Conference, the parties submitted the required Motion for Scheduling Order. (Doc. 12). The parties disagree on some aspects of the scope and timing of discovery, but otherwise largely agree on the proposed deadlines. They propose 3 months of discovery with a trial sometime between March and June of 2027.[1]

Since their September 30th filing, the U.S. Fifth Circuit Court of Appeals has denied Mr. Wessinger's request for rehearing en banc, *Wessinger v. Vannoy*, No. 25-70012 (5th Cir. Oct. 5, 2026), ECF No. 97.[2] Although Mr. Wessinger may still petition the U.S. Supreme Court for review, the Fifth Circuit's denial immediately prompted the district attorney to announce his

[1] The Court notes the State's objection to the entry of a Scheduling Order "that requires discovery at this juncture," as it intends to seek dismissal under Rule 12(b)(1) based on sovereign immunity and will pursue mandamus if discovery is not stayed during its pendency. (Doc. 12 at 1). The State intends to pursue its defense of sovereign immunity, even though Mr. Wessinger seeks only prospective relief from the state officials sued in their official capacities. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("Of course a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because official-capacity actions for prospective relief are not treated as actions against the State. This distinction is commonplace in sovereign immunity doctrine . . . ."); *Ex parte Young*, 209 U.S. 123, 159-160 (1908). The State may pursue any course that it deems appropriate and in compliance with Rule 11, and the Court will address any motions on an expedited basis, as they are filed.

The State has not indicated an intention to seek dismissal under Rule 12(b)(6), and the Court does not anticipate any Rule 12(b)(6) motions being filed. But to be clear, in the event a Rule 12(b)(6) motion is filed, discovery will not be stayed.

[2] According to the appellate docket, the Fifth Circuit's mandate will issue October 13, 2026.

intention to pursue a death warrant for Wessinger.[3] Should a death warrant be issued, Louisiana Revised Statute § 15:567(B) then provides that the date of execution be set "not less than sixty days nor more than ninety days from the date the warrant is issued."[4]

Given these developments, and counsel's prior acknowledgement that discovery could be completed in 60 days (or less, if necessary), the Court **ORDERS** that the attached **Expedited Scheduling Order** be entered with appropriately expedited deadlines and parameters.

Finally, the Court **ORDERS** the parties to **immediately** file **Notice** of any **material developments** in Mr. Wessinger's **federal proceeding** for post-conviction relief (including any petitions filed in or ruled on by the U.S. Supreme Court) or in the State's pursuit of a **death warrant** (including any decision to delay pursuit of a death warrant, any application for a death warrant, the issuance of a death warrant, the setting of an execution date, and notice of the method of execution).

---

[3] Available at: https://www.nola.com/news/courts/louisiana-death-penalty-todd-wessinger/article_e97422d6-de07-5cce-b69b-ce144d43d5df.html (last visited Oct. 8, 2026).

[4] The Court, however, notes that a shorter timeframe was followed by the State when it executed Jessie Hoffman on March 18, 2026—just over a month after the state trial court issued a death warrant on February 12, 2026 and less than a month from Hoffman's receipt of the warrant on February 20, 2025. *Hoffman v. Westcott*, No. 25-169, 2025 WL 763945, at *1 (M.D. La. March 11, 2025).

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **TODD WESSINGER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 26-957-JWD-SDJ** |
| **GARY WESTCOTT** | |

---

**EXPEDITED SCHEDULING ORDER**

This Expedited Scheduling Order is entered pursuant to Rule 16(b) of the Federal Rules of Civil Procedure and will govern the scheduling and management of this litigation. The parties are instructed to read this Scheduling Order fully and carefully. The parties are instructed to thoroughly review the Federal Rules of Civil Procedure, and this Court's Local Rules and Administrative Procedures. The Court expects the parties to fully comply with all applicable Rules and this Scheduling Order. The deadlines and responsibilities below are final and will not be modified, absent extreme circumstances and leave of Court obtained upon a substantial showing of good cause.

**Responsive Pleadings and Rule 12 Motions:** **October 21, 2026**
The State has until **October 21, 2026** to either Answer the Complaint or file a Rule 12 Motion to Dismiss. This deadline has already been extended and will not be extended further.

If the State does seek dismissal under Rule 12, any **Opposition** by Mr. Wessinger must be filed by **October 28, 2026**. Any **Reply** by the State will first require **leave** of Court.

**Initial Disclosures:** **October 22, 2026**
Initial Disclosures should be detailed, thorough and in full compliance with Rule 26(a)(1) of the Federal Rules of Civil Procedure.

**Amended Pleadings:** **October 28, 2026**

**Discovery:** **December 22, 2026**

All fact discovery must be **completed** by **December 22, 2026**, this includes not only the completion of depositions of fact witnesses and written discovery responses, but also raising any discovery issues before the Court expeditiously and prior to the discovery deadline's expiration.

- **Discovery Devices—Limitations on Frequency and Extent.** Absent leave of Court for good cause shown, the Court limits, consistent with Rule 26(b)(2), the extent and frequency of discovery, as follows:

  | | |
  |---|---|
  | **Interrogatories:** | **20** per side |
  | **Requests for Production:** | **20** per side |
  | **Requests for Admission:** | **20** per side |
  | **Depositions:** | **10** per side |

  This limitation applies to the depositions of fact witness, including named parties. To be clear, expert depositions are not included in this limit.

  Depositions may be taken **remotely** by simultaneous video streaming on request of either party.

- **Discovery Responses.** Responses to written discovery will be due **within 14 days** of receipt by e-mail.

  The parties are reminded that under Local Civil Rule 26(d)(2), "[w]ritten discovery is not timely unless the response to that discovery would be due before the discovery deadline." And "[t]he responding party has no obligation to respond and object to written discovery if the response and objection would not be due until after the discovery deadline." Local Civil Rule 26(d)(2).

  Written discovery responses must be detailed and thorough, and any asserted objections must be sufficiently explained and raised in good faith. *See McLeod, Alexander, Powel and Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) (objecting to discovery as "overly broad, burdensome, oppressive and irrelevant" is insufficient and tantamount to no objection at all).

- **Withheld Discovery.** Any responsive documents or information withheld as privileged or as otherwise protected from disclosure must be disclosed and sufficiently identified on a **privilege log**.

  Any privilege log must be submitted along with the withholding party's discovery responses.

  Rule 26(b)(5) of the Federal Rules of Civil Procedure requires a party withholding information as privileged to: "(i) expressly make the claim" of privilege; and "(ii) describe the nature" of the withheld information in a way that "will enable other parties to assess the claim."

  In addition, Local Rule 26(c) further requires the withholding party to "submit a privilege log" that adequately names and describes each withheld document. *See* LR 26(c) (document's description "must include each requisite element of the

privilege or protection asserted; date; author(s); recipient(s); and nature of the privilege”).

Ultimately, a privilege log “should . . . describe the document's subject matter, purpose for its production, and [give] [a] specific explanation of why the document is privileged or immune from discovery.” *Estate of Manship v. U.S.*, 236 F.R.D. 291, 296 n.4 (M.D. La.), *partially vacated on other grounds by* 237 F.R.D. 141 (M.D. La. 2006).

- **Discovery Disputes.** Any discovery disputes should be brought to the Court’s attention as soon as they arise but, in any event, within the fact discovery deadline. The parties are instructed to file **joint Motions for Status Conference Before District Judge**, as opposed to time-consuming discovery motions. Any Motion for Status Conference should lay out both sides’ positions on any disputed discovery. The information provided in any such Motion should be sufficiently detailed to allow the Court to more quickly resolve discovery disputes. However, before seeking the Court’s intervention, the parties must make every effort to resolve any discovery issues on their own, as required by Rule 37(a)(1).

- **Discovery and Records from Similar Litigations.** The parties will make every effort to limit the extent and frequency of discovery in this litigation by agreeing to the use of discovery, transcripts and judicial documents from similar litigations challenging the use of nitrogen hypoxia.

- **Ongoing Discovery Obligations.** The Court reminds the parties of their ongoing obligations to not only disclose the information on which they intend to rely at trial, Fed. R. Civ. P. 26(a)(1), but to timely update any prior disclosures or discovery responses that may be incomplete, Fed. R. Civ. P. 26(e)(1)(A). The Court also emphasizes that the Federal Rules of Civil Procedure and Evidence are both designed to ensure fairness and have built-in mechanisms aimed at preventing trial by ambush. *See* Fed. R. Civ. P. 37(c)(1).

**Expert Witness Disclosures and Reports:** **December 22, 2026**
By **December 22, 2026**, the parties will simultaneously **disclose** both (1) the <u>identity</u> of any person who may be used at trial to present evidence under Rules 701, 702, 703, or 705 of the Federal Rules of Evidence, and (2) provide the **reports** of retained experts, as required by Rule 26(a)(2) of the Federal Rules of Civil Procedure. **Rebuttal expert reports** shall be provided on or before **January 8, 2027**.

- **Materials Provided to Reporting Experts.** The Court reminds each party of their obligation to produce the universe of documents furnished to their expert, along with the expert’s report, in according with the expert disclosure and reporting deadline. *See* Fed. R. Civ. P. 26(a)(2)(B)(ii) (expert report must include “the facts or data considered”); *Deal v. Louisiana ex rel. Dep’t of Just.*, 2013 WL 4546772, at *5, 6 (M.D. La. Aug. 28, 2013) (“[C]ourts have consistently required disclosure of all the materials provided to testifying experts—including information protected by the attorney client privilege and work product doctrine—without consideration of the expert's actual reliance on any particular information.”)).

- **Disclosures.** The parties must fully comply with all requirements of Rule 26(a)(2) regarding the disclosure of expert testimony. Unless an objection is filed within 14 days after disclosure of any expert witness, the disclosure will be deemed to be in full compliance with the Rule.

**Expert Depositions:** **January 15, 2027**
All expert depositions must be completed by January 15, 2027. Depositions of experts may be taken **remotely** by simultaneous video streaming on request of either party.

**Dispositive and Daubert Motions:** **January 22, 2027**
All dispositive motions (motions for summary judgment) and Daubert motions are due by January 22, 2027 and must comply fully with both the Federal Rules and this Court's Local Rules and Administrative Procedures. **Responses** to Motions are due by **January 29, 2027**. Replies will not be permitted absent leave of Court.

**Trial Exhibit and Witness Lists:** **January 27, 2027**
Pursuant to Rule 26(a)(3) of the Federal Rules of Civil Procedure, each party must file a list of all exhibits and witnesses it intends to use or call at trial by **January 27, 2027**. If any party objects to a witness or exhibit identified by its opponent, those **objections** must be immediately addressed between the parties. If the parties cannot resolve any objections on their own, the objecting party must file its **written objections** with the Court by **February 1, 2027**. Written objections must include the grounds and legal authority for the objections raised. The offering party will file its **written responses** to any objections by **February 5, 2027**.

- **Witness Lists.** Each party must file their witness list with the Court and provide to all other parties the addresses and telephone numbers of all witnesses, except witnesses to be used solely for impeachment purposes, separately identifying those whom the party expects to present and those whom the party may call if the need arises. The witness list must also include any reporting expert witnesses, and those witnesses should be clearly designated as reporting experts. Unless specifically agreed between the parties or allowed by the Court for good cause shown, the parties will be precluded from calling any witness not identified.

- **Exhibit Lists.** Each party must file their exhibit list with the Court, and provide to opposing counsel, all exhibits and tangible evidence to be used at the trial. Proffering counsel will have their evidence marked for identification prior to trial. The list will identify specifically and separately by exhibit number each document to be offered, and general or bulk designations are not allowed. Unless specifically agreed between the parties or allowed by the Court for good cause shown, the parties are precluded from offering evidence not properly furnished and identified, with the exception of evidence to be used solely for impeachment. Except to the extent written objections are filed, a party's identified evidence will be deemed genuine and admissible in evidence.

**Pre-Trial Order:** **January 25, 2027**
The parties must jointly prepare a proposed Pre-Trial Order and submit it to the Court by **January 25, 2027**. A sample pre-trial order can be found on the Court's website.

**Pre-Trial Conference:** **January 28, 2027**
A pretrial conference is set for **January 28, 2027 at 1:00 p.m. by zoom.**

**Bench Trial:** **February 10, 2027**
A bench trial lasting three days before Judge John W. deGravelles will begin on Wednesday, February 10, 2027 at 9:00 a.m. in Courtroom 1.

**General Provisions:** The deadlines and provisions of this Scheduling Order will not be modified absent extreme circumstances and a sufficient showing of good cause, as required by Rule 16(b)(4) of the Federal Rules of Civil Procedure. Any motion seeking to modify a deadline must be made before the deadline expires and certify the movant has discussed the motion with opposing counsel prior to its filing. That certification should likewise indicate opposing counsel's position on the motion.

Any issues or disputes should be addressed as soon as they arise between the parties and then, only if necessary, be expeditiously brought to the Court's attention. The parties must make every effort to work together, respond amicably and reasonably to any dispute, and try to resolve any disputes without the need for Court-intervention.

Signed in Baton Rouge, Louisiana, on October 9, 2026.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**