**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **TODD WESSINGER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 26-957-JWD-SDJ** |
| **GARY WESTCOTT** | |

---

## MINUTE ENTRY & ORDER

A Status Conference was held on October 21, 2026, at 12:30 p.m. (Doc. 22) before United States District Judge John W. deGravelles, and included the following **participants**:

| | |
|---|---|
| **James (Jim) W. Craig**<br>**Jack Michael Stephens**<br>**Emily Washington**<br>Counsel for Plaintiff<br>Todd Wessinger | **Elizabeth Brown**<br>**Randal J. Robert, Evan Daniel Young**<br>**Connell Lee Archey**<br>Counsel for Defendants<br>Gary Westcott, Seth Smith, and<br>Darryl Vannoy |

The Court provided an overview of the procedural history leading to this conference, from the Court's September 23, 2026, status conference (Doc. 11) to the Defendants' filing of their Motion to Dismiss (Doc. 19).

The Court turned to the Expedited Motion to Stay Discovery. (Doc. 20).

The Court summarized the parties' arguments and provided a brief overview of the law governing discovery and sovereign immunity, including authority that allows for the taking of limited jurisdictional discovery to resolve the question of sovereign immunity. The Court also briefly summarized the law governing *Ex parte Young*.

The Court stated that, in light of the law, it was inclined to stay general discovery pending resolution of the sovereign immunity issue.

The Court asked the parties if the State can confirm its ability to obtain pentobarbital, which is critical to the resolution of Defendants' Motion to Dismiss. Defendants' counsel initially stated that pentobarbital is available to the State as an alternative to nitrogen hypoxia and that there is no dispute on this. Plaintiff responded that the State has not confirmed whether it possesses pentobarbital. Plaintiff did not know the answer to that question but raised concerns that State was relying on statements made in the Complaint about the drug's general availability. Defense counsel then (a) confirmed she did not know whether the State possessed pentobarbital; (b) questioned whether the State would be willing to disclose or would have to disclose that information; and (c) suggested that its possession of (or ability to obtain) pentobarbital was beyond the scope of this litigation and immaterial to the issues before the Court.

The Court stated that the State's ability to carry out the execution using pentobarbital seems very relevant to the issues raised in Defendant's Motion to Dismiss.

The Court stated that limited discovery on this issue may be appropriate but asked the Plaintiff to weigh in. Plaintiff is willing to conduct limited discovery but does not think the Court is required to do so because there is no sovereign immunity.

The Court also raised its concern that nothing binds the State to its promise that Plaintiff may elect to use pentobarbital, which again ties directly to mootness and the arguments made in Defendants' Motion to Dismiss. Defendants initially told the Court that Secretary Westcott's Declaration (Doc. 19-2) is legally binding. But, after some discussion, the State qualified its position: the declaration is legally binding if pentobarbital is available.

For oral reasons assigned, **IT IS ORDERED** that the Court will stay discovery until sovereign immunity is resolved, except on the narrow jurisdictional issue of the availability of pentobarbital. Plaintiff should respond to the Motion to Dismiss by Tuesday, October 27, 2026 at

12:00 p.m. in a brief not to exceed twenty-five (25) pages. Defendant may file a reply limited to this issue by Wednesday, October 28, 2026 at 5:00 p.m., in a brief not to exceed ten (10) pages.

On Monday, November 2, 2026, at 3:00 p.m., a status conference by zoom will be held, at which time the Court will provide oral reasons on the issue of sovereign immunity. If the Court issues written reasons before then, it will cancel the status conference.

The Court encouraged the parties to work together to resolve many of the factual issues such as the availability of pentobarbital and whether something more formal that Defendant's affidavit could be agreed-upon by the parties.

After the parties went into a break-out session, Defense counsel clarified that the State does not have pentobarbital on hand, but, if Wessinger chooses that as an option, pentobarbital is readily available within the timeframe necessary for an execution. Defense counsel needed to check with her client about the ability to put that into a more formal pleading in the record.

**IT IS FURTHER ORDERED** that a status conference is set **Monday, November 2, 2026 at 3:00 p.m. by zoom.**

Signed in Baton Rouge, Louisiana, on October 21, 2026.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

CV 36; T: 0:45 mins.
Reporter: Gina Delatte-Richard